**UNITED STATES of America,
Plaintiff,**

v.

**Ronald Lee RILEY, Defendant.**

**No. 22–AAH–CD.**

United States District Court
C. D. California.

July 21, 1967.

John K. Van De Kamp, U. S. Atty., Robert L. Brosio, Michael D. Nasatir, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

Carl E. Stewart, Los Angeles, Cal., for defendant.

HAUK, District Judge.

Defendant Ronald Lee Riley has petitioned this court for leave to appeal *in forma pauperis* from a judgment of conviction after a court trial. Defendant was found guilty on a one-count indictment which charged the offense of interstate transportation of a stolen motor vehicle under 18 U.S.C. § 2312.

Judgment of conviction was entered on November 22, 1966. On December 19, 1966, Notice of Motion for New Trial was filed. On January 23, 1967 an Order

Denying Defendant's Motion for a New Trial was entered. Notice of Appeal was not filed until February 3, 1967. Leave to Appeal *in forma pauperis* was denied on the grounds that there were no substantial grounds for appeal and that the appeal was frivolous and not taken in good faith. 28 U.S.C. § 1915.

At the outset it should be noted that under Federal Rules of Criminal Procedure 37(a) (2),

"If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of the order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of judgment."

Neither defendant's Notice of Motion for New Trial nor his Notice of Appeal were filed within the time limits prescribed in Rule 37(a) (2). The Notice of Motion for New Trial was filed 27 days after judgment of conviction was entered and the Notice of Appeal was filed 11 days after the Order denying defendant's motion for a new trial.

No motion was made or entertained which would extend the time for filing the notice of appeal.

Moreover, the motion for a new trial, the motion to appeal in forma pauperis, and the facts or events of the trial itself present no substantial grounds for appeal.

The facts of the case were that defendant and co-defendant rented an automobile for one day from a local rental agency in Meriden, Connecticut. The one-day period appeared in the rental contract and the defendants were orally informed that the car was to be returned in one day to the same local agency. The defendants were arrested on forgery charges by local police 17 days after the rental of the car in Los Angeles, California.

Defendant notes in his affidavit that the principal issue was to connect the defendant with the car and its transportation to California. There was ample, independent evidence to connect the defendant with the car in that two witnesses testified that they had seen defendant Riley driving this car on numerous occasions going to and from a Los Angeles motel where the witnesses worked. Property found on Mr. Riley's person at the time of his arrest included a falsely made driver's license in the defendant's correct name which was positively identified as being shown to the rental agent by one of the men renting the car at the time of the rental.

The issue of probable cause for the defendant's arrest by local police was fully and fairly litigated in a separate hearing. Testimony was given by the arresting officer and other investigating officers, the motel manager who had reported the use by defendant of a stolen credit card, both defendants, and other witnesses for the defense. From the evidence presented, there was no doubt that the arrest was based on probable cause, and that evidence obtained incidental to their arrest was properly and lawfully seized.

Briefly, this hearing disclosed that the motel manager became suspicious that the defendant and his companions were using a stolen credit card to charge motel costs and one of them had signed a false name on charge slips. She telephoned Standard Oil in Chicago and was informed that the card was in fact stolen. The Standard Oil Security Officer in Chicago in turn informed Los Angeles Police of these facts. The arresting officers went to the motel and held an interview with the manager which confirmed these facts and the fact that defendant had used the card. The officers testified that they then arrested the defendant and his companions and informed them that they were under arrest for forgery.

The statement obtained by FBI agents from defendant relating to the Dyer Act violation was also properly

obtained. They interviewed the defendant concerning the Dyer Act violation while he was in local police custody on a completely unrelated State charge. The defendant was given a complete Miranda warning and waived his rights. The issue of Federal and State Police collusion or cooperation was fully litigated and the evidence clearly showed that the short delay in arraignment was not for the purpose of developing evidence in the Federal case, but only as result of the defendant's custody on unrelated State charges. After a complaint was obtained on the Federal charge, the defendant was arraigned as quickly as possible before a Federal magistrate after his release from local custody.

The evidence on the issue of guilt was substantial, convincing beyond a reasonable doubt, independent of the defendant's statements. The automobile had been rented in Connecticut by the defendant and a companion for one day. The car was located in the defendant's possession in Los Angeles, California, seventeen days after rental. Rental agency employees testified that no communication was received from the defendant regarding an extension of the rental period and the defendant admitted on the stand that no contact was made by him or his companion with the rental agency.

The car was to be returned to the agency in Connecticut and the defendant was made aware of this fact at the time of rental.

The defendant's assertion that he was not informed of the purpose of the interview with FBI agents was directly contradicted at trial by testimony from the interviewing agent and by the context of the statement itself.

All other issues were fully litigated in a spirited trial in which the defense was presented ably and vigorously.

From the foregoing it does not appear that the defendant has any ground upon which he can predicate a meritorious appeal.

Now, therefore, it is ordered that the application for leave to appeal *in forma pauperis* is denied. It appears from the record in this case that the appeal is frivolous and is not taken in good faith, to which this Court certifies. The Clerk of the Court is directed to serve a copy of this order upon the defendant.